**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIE WIMBERLY,               )<br>                                          )<br>           Plaintiff,              )<br>                                          )<br>vs.                                    )<br>                                          )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY ADMINISTRATION, )<br>                                          )<br>           Defendant.          )<br>_____) | 2:11-cv-01088-GMN-CWH<br><br>**ORDER** |

  Plaintiff submitted an Application to Proceed *in Forma Pauperis* (#1) and a Complaint on July 1, 2011. Plaintiff is not incarcerated but is unrepresented and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

  Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

*In Forma Pauperis* **Application**

  Plaintiff has submitted the affidavit required by § 1915(a) to show that he is unable to prepay fees and costs or give security for them. In Plaintiff's Application to Proceed *In Forma Pauperis*, he indicates that receives $1,539.00 from a pension, unemployment benefits of $183.00 per week (approximately $732.00 a month), and $932.00 a month in rental income. From Plaintiff's application it appears he is single and has no dependents. Although he does not list any regular monthly payments, it does appear that he rents a home. Plaintiff indicates, without stating the amount, that he has other financial obligations that include his cell phone bill and an outstanding balance for medical lab work. Given the foregoing, it does not appear that Plaintiff has satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and that he is able to pay the costs of commencing this action. *See Ross v. San*

*Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); *see also Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (*citing Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

Based on Plaintiff's financial affidavit, his monthly income is over $3,000.00, which exceeds his identified monthly expenses.  Consequently, the Court finds that Plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and is able to pay the costs of commencing this action.

Having concluded that Plaintiff is not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  *See cf.*, *Bardes v. Magera*, 2008 WL 2627134 *10 (D.S.C. 2008) (finding that it is error to screen a non-prisoner pro se plaintiff's complaint when the plaintiff pays the filing fee).  Accordingly,

**IT IS ORDERED** that the Application to Proceed *in Forma Pauperis* (#1) is **DENIED**. Plaintiff shall pay the filing fee of $350.00 within thirty days from the date that this Order is entered. Failure to comply with this Order will result in the Court recommending dismissal of this action.

Dated this 17th day of January, 2012.

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE